IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TED ORLO MENNING | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0590-D |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ted Orlo Menning, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to two cases of aggravated sexual assault and one case of sexual assault. Punishment was assessed at 25 years confinement in each aggravated sexual assault case and 10 years confinement in the sexual assault case. No appeal was taken. Instead, petitioner challenged his convictions in separate applications for state post-conviction relief. The applications were denied without written order. *Ex parte Menning*, Nos. 63,811-01, 63,811-02, 63,811-03 (Tex. Crim. App. Feb. 1, 2006). Petitioner then filed this action in federal court.[1]

---

[1] Petitioner originally filed this action in the Amarillo Division of the Northern District of Texas. The case was transferred to the Dallas Division pursuant to 28 U.S.C. § 2241(d). *Menning v. Dretke*, No. 2-06-CV-074-J (N.D. Tex. Mar. 31, 2006).

II.

In his sole ground for relief, petitioner alleges that "I pled guilty not knowing they were convicting me of 2 counts of [aggravated sexual assault] and 1 count of [sexual assault]. I was told there was only 1 count of [aggravated sexual assault]." (Hab. Pet. at 7, ¶ 20(A)).

By order dated April 10, 2006, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on April 26, 2006. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). In addition, the one-year statute of limitations is subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999).

B.

In 1986, petitioner was sentenced to 25 years confinement in two cases of aggravated sexual assault and 10 years confinement in one case of sexual assault. The statute of limitations on any claims relating to these convictions started to run on April 24, 1996--the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner did not seek post-conviction relief in state court until June 13, 2005. In an attempt to excuse this nine-year delay, petitioner argues that he is ignorant of the law and has low mental competency test scores.[2] The Fifth Circuit has held that ignorance of the law is insufficient to warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000). Although mental incompetency may support a tolling of the AEDPA statute of limitations, such mental illness must render the petitioner unable to pursue his legal rights during the relevant time period. *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2000). Even if petitioner's low test scores support a claim of mental incompetency, he has failed to adequately demonstrate that this disability

---

[2] Petitioner states that he scored 2.2 in reading, 4.1 in math, and 2.5 in language on an "EA" competency test. (*See* Pet. Reply at 2). However, there is no evidence when this test was administered or what these scores mean.

prevented him from asserting his legal rights. To the contrary, petitioner was able to file both a state and federal writ of habeas corpus despite his claimed mental disability. He just waited too long to seek post-conviction relief. Under these circumstances, petitioner is not entitled to equitable tolling. *See Aragon v. Dretke*, No. 4-04-CV-607-Y, 2005 WL 43973 at *1 (N.D. Tex. Jan. 6, 2005) (petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during relevant time period); *Hughes v. Cockrell*, No. 3-01-CV-2256-L, 2003 WL 21510812 at *4 (N.D. Tex. Mar. 31, 2003) (rejecting claim that IQ of 81, standing alone, entitled petitioner to equitable tolling).

### RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 27, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE